■ ROME GENERAL CONTRACTING CO., INC., Petitioner, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. —Proceeding pursuant to CPLR article 78, transferred to this court by an order of the Supreme Court, New York County (Edward H. Lehner, J.), entered on August 9, 1988, to review a determination of respondent Board of Education dated May 2, 1988, which found petitioner in default on contract No. 7900517 with the Board of Education, is unanimously dismissed, the determination confirmed, and judgment awarded to the Board of Education on its counterclaim in the amount of $11,650, without costs and without disbursements.

Competent evidence in the record supports the determination of the respondent. As such, the determination meets the substantial evidence test. *(Matter of Bowley Assocs. v State of New York Ins. Dept.,* 98 AD2d 521, 527, *affd* 63 NY2d 982.) The record shows that the petitioner contracted with the respondent to install window guards at Bushwick High School in Brooklyn. The petitioner, on inspection of the building by one of its principals, was concerned that the window frames would not safely support the weight of the window guards specified in the contract. There was, however, testimony on behalf of the respondent indicating that the window frames would support the installations. In two letters, sent by regular mail, petitioner claimed to have notified respondent of its concern, and requested a written engineer's opinion. Respondent, however, never received either letter. When the peti-

tioner received no response to its letters, it abandoned the contract and ignored repeated verbal and written inquiries from the respondent. Accordingly, the record supports the determination that the petitioner defaulted under the contract. We have reviewed the petitioner's other arguments and find them to be without merit.

Under the terms of the agreement, petitioner's default entitles respondent to liquidated damages in the amount of $25 per day of default. Here, it is undisputed that the petitioner was in default for 466 days. Accordingly, respondent shall have judgment on its counterclaim against the petitioner in the amount of $11,650. Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.